UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO:

DEBRA FAVARULO,

        Plaintiff,

vs.

MSC CRUISES S.A., f/k/a MSC CROCIERE
S.A., a foreign corporation; and
MSC CRUISES (USA) INC., a foreign
corporation

        Defendants.
_____ /

**COMPLAINT FOR DAMAGES**
_____

The Plaintiff, **DEBORAH FAVARULO**, an individual, by and through the undersigned counsel and sues the Defendants, **MSC CRUISES S.A., f/k/a MSC CROCIERE, S.A.**, a foreign corporation, and **MSC CRUISES (USA) INC.**, a foreign corporation, for damages and alleges as follows:

**PARTIES**

1.  This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket contract, and this cause of action is in excess of $75,000.00. Because there is no complete diversity of citizenship, this is a maritime cause of action in Admiralty. This is a maritime cause of action.

2.  Venue in the United States District Court for Southern District of Florida is

1

appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendants.

3. At all times material, Plaintiff, **DEBORAH FAVARULO,** was and is a citizen and resident of the State of Florida, and at all times material was a passenger on board Defendant's vessel, the **"DIVINIA."**

4. At all times material hereto:

   A. Defendant, **MSC CRUISES S.A.**, formerly known as **MSC CROCIERE, S.A.,** was and is a foreign business entity, conducting business in the State of Florida, operating as a cruise line, common carrier, out of Miami, Florida, and conducts substantial and not isolated business in the Southern District of Florida. Pursuant Section 48.193, Florida Statutes (2015), this Court has jurisdiction over the Defendant, as Defendant operates, conducts, engages in, or carries on a business or business venture in Florida and has an office or agency in Florida; as a matter of fact, its home office in the United States is in Ft. Lauderdale, Broward County, the Southern District of Florida.

   B. Defendant, **MSC CRUISES (USA) INC.,** was and is a foreign corporation authorized to do, and doing business in the State of Florida with its principal, home office located in Ft. Lauderdale, Broward County, the Southern District of Florida.

   C. The Defendants, **MSC CRUISES S.A.**, and **MSC CRUISES (USA) INC.**, (hereinafter are collectively known and referred to as "**MSC CRUISES**" or will be referred to singularly as "Defendant.").

5. At all times material hereto, **MSC CRUISES** owned, operated and managed the

cruise ship M/S MSC DIVINA, which set sail on March 11, 2017, from Miami, the Southern District of Florida, for a seven night cruise.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. Plaintiff no longer has the ticket contract in her possession.

## COUNT I - NEGLIGENCE

7. At all times material hereto, Plaintiff, **DEBORAH FAVARULO,** was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

8. During the cruise, on March 13, 2017, while on board the **DIVINA,** which was operating in navigable waters, the Plaintiff, **DEBORAH FAVARULO,** was seriously injured when she stepped into the tub; immediately her right foot slipped, and she fell. There was no non-slip mat, nor was there any non-slip tape on the floor of the shower to prevent any falls, and the railing was placed too far away from her in the shower for her to grab when entering, causing her to fall and suffer injuries to her right shoulder and teeth.

9. At all times material, Defendant owed a duty to exercise ordinary and reasonable care under the circumstances for the benefit of Plaintiff, **DEBORAH FAVARULO,** and other passengers.

10. Defendant breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions:

    A. By creating a dangerous condition by not having any non-slip tape or a non-slip rubber shower mat in the shower of Plaintiff's cabin;

    B. Failing to provide safe bathtub and shower stalls in Plaintiff's cabin;

C. Failing to place the handrail close enough for the Plaintiff to grab when she entered the shower;

D. Failing to inspect the bathtub in Plaintiff's cabin and learn of the existence of conditions creating dangerous conditions and to warn Plaintiff of this or these dangerous and unsafe conditions, which in the exercise of reasonable care, the Defendant either knew of or should reasonably have known;

E. Failing to adequately equip the vessel, and specifically its bathtub with appropriate and safe non-slip tape, rubber mats or properly placed railings to prevent slipperiness and falls of passengers;

F. Failing to adopt policies and procedures for the orderly and safe inspection and risk assessment of the vessel's bathtub to discover dangerous conditions such as the above described dangerous and unsafe conditions;

G. Failing to train crew members in risk assessment, inspection and reporting requirements, including but not limited to preparation of and responding to corrective action reports; and

H. Failing to comply with applicable industry standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence; failing to comply with its own internal policies and procedures established by the ISM Code, SMS, SQM and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 *et seq*., and all Rules and Regulations,

including, but not limited to all relevant NVIC's of the United States Coast Guard.

11. Pursuant to the foregoing, the Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it. In the alternative, notice to the Defendant is not required because the Defendant engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

12. As a direct and proximate cause of Defendant's negligence Plaintiff, **DEBORAH FAVARULO,** suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expenses for physical therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, **DEBORAH FAVARULO,** demands judgment against Defendant, **MSC CRUISES S.A., f/k/a MSC CROCIERE S.A.,** and Defendant, **MSC CRUISES (USA) INC.**, for damages including pre-judgment interest, costs and all damages allowable by law, and any such other relief to which the Plaintiff may be justly entitled.

Dated this March 9, 2018.

                        Respectfully submitted,

                        PETER M. COMMETTE, P.A.
                        Attorney for Plaintiff
                        1323 Southeast 3rd Avenue
                        Fort Lauderdale, FL 33316
                        Phone: 954-764-0005
                        Fax: 954-764-1478
                        Email: PMC@commettelaw.com
                        Secondary Email: pmcommette@aol.com
                        Secondary Email: Paralegal1@commettelaw.com

By:      */s Peter M. Commette*
           PETER M. COMMETTE, ESQ.
           Florida Bar No. 350133